Pennington, J.
Can it be contended, that mere equit *445 able circumstances can be set up in ejectment to defeat a legal title ?
Stockton, in reply. I do not contend that a mere equitable title can be set up as a defense in ejectment; but having a strict technical right, and having the equity of the case also, the court will feel no difficulty in supporting that right. The husband, in whom the present right is, by entering on the land allotted to Smith, has thereby sanctioned the partition, and is concluded by his own act from denying the legality of that partition.
Pennington, J.
Smith dies possessed of the share allotted to him, devising it to Cozens and wife. They enter under the devise. So far as it respects Smith’s own right, they have it under the devise; and so far as it respects the right of Hannah, on the entry of herself and husband, she is remitted to her ancient right.[1] Nor is there any injustice in this operation of the law. The estate of the mother was given to Hannah, on the condition that she released to her brothers, her right [*] in her father’s estate. She refused to i’elease. The estate given to her is defeated. Let the heirs of David pursue the estate; if it has been fairly swallowed up in the payment of the mother’s debts, it is gone, and that rightly. If the sales have been collusive, there is a remedy. The brothers took a wrong course, and the defendants are pursuing it. The judge did right in rejecting the evidence, aixd the jury have done right in finding a verdict for the plaintiff.
Kirkpatrick, C. J.
I am clearly of opinion, that on the whole of this case, the plaintiff is entitled to judgment.
Rossell, J.
I have not changed my opinion as to rejecting the testimony; and am satisfied with the verdict.
Rule for a new trial refused, and judgment for plaintiff.

 3 Blac. Com. 19.